JOSEPHINE PIAZZA ET AL. *v.* LINWOOD T. NORWOOD ET AL.

BALDWIN, C. J., KING, MURPHY, MELLITZ and SHEA, Js.

Argued October 5—decided November 2, 1960

*Vincent M. Zanella, Jr.,* for the appellants (plaintiffs).

*Adrian W. Maher,* with whom, on the brief, was *James J. Maher,* for the appellee (defendant Bridgeport Lincoln-Mercury, Inc.).

MURPHY, J. The plaintiffs, wife and husband, sued to recover for personal injuries and property damage sustained when an automobile operated by the named defendant, allegedly as the authorized agent of his employer, the defendant Bridgeport Lincoln-Mercury, Inc., ran into the rear of the plaintiffs' car. Both defendants appeared by their respective attorneys and filed answers to the complaint. When the case was reached for trial, the issues of liability and damages against the named defendant were withdrawn from the jury and were to be decided by the court. The named defendant was not present in court. The question of the liability of the defendant employer remained for the jury's determination, and

the trials to both court and jury proceeded simultaneously. At the conclusion of the plaintiffs' case, the defendant employer rested its case without offering any evidence and moved for a directed verdict. The court granted the motion and later refused to set the verdict aside. The plaintiffs have appealed.

The plaintiffs submitted to the trial court a request for a finding containing a statement of the questions of law which were raised on the trial and which they desired to have reviewed, together with a draft of the proposed finding. Both the request and the draft were required under Practice Book § 398, and the draft was in substantial conformity with form No. 559(B) of the Practice Book. Upon the filing of the counterfinding, it became the duty of the court to make a finding, also in conformity with form No. 559(B), for a jury case. This the court did not do. Instead, it made a finding which mainly conformed to a finding in a trial to the court without a jury. The finding presented neither the evidence offered by the plaintiffs to the jury to prove the facts nor the claims of proof as to those facts. Maltbie, Conn. App. Proc. § 145. Rather it stated the facts which the court found. In addition, the finding did not contain the ruling upon evidence which the plaintiffs had included in their draft finding and to which they were entitled. Practice Book § 405.

In argument before this court, the defendant agreed that the portion of the draft finding pertaining to the ruling upon evidence stated the issue correctly and could be treated as incorporated in the finding. The question which was propounded and to which the court sustained the defendant's objection was a preliminary one. The ruling foreclosed

the plaintiffs of any opportunity to follow the question with others to develop, if possible, a proper foundation for the admissibility of statements by the named defendant. See note, 150 A.L.R. 623. In the absence of any foundation, and since the principal question was never reached, we have no way of knowing, with requisite certainty, that it would have been objectionable under the rule of such cases as *Morse* v. *Consolidated Ry. Co.*, 81 Conn. 395, 399, 71 A. 553, and *Ezzo* v. *Geremiah*, 107 Conn. 670, 680, 142 A. 461.

In *Raughtigan* v. *Norwich Nickel & Brass Co.*, 86 Conn. 281, 85 A. 517, the trial court made a finding of facts in a jury case as though it had been tried to the court. Despite this situation, we were able to decide the appeal, since the facts in controversy and the questions we had to determine were stated with sufficient clearness upon the record. Id., 287. That is not the case here. We deem it necessary for the proper disposition of this case that a new trial be ordered rather than that there be a remand to the trial court for a further finding. Practice Book § 396.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.