FRED IANNI *v.* VIRGINIA DAILY ET AL.

KING, C. J., MURPHY, ALCORN, SHANNON and HOUSE, Js.

Argued January 5—decided March 1, 1966

*Bernard Poliner,* with whom, on the brief, were *Cyril Cole* and *Morton E. Cole,* for the appellant (plaintiff).

*James J. Kennelly,* with whom, on the brief, were *William M. Shaughnessy, Jr.,* and *Robert L. Trowbridge,* for the appellees (defendants).

MURPHY, J.   The plaintiff was the owner and operator of an automobile which, on August 13,

1958, was in an intersection collision with an automobile operated by the named defendant. The plaintiff sued to recover for personal injuries and property damage. The case was tried to a jury, which returned a verdict for the defendants. The plaintiff has appealed and has assigned error in two rulings on evidence and in the action of the court in making a finding of facts in a case tried to a jury.

The request for a finding in the plaintiff's appeal was limited to questions of law based on two rulings on evidence, and the draft finding conformed to that limitation. The court made a finding in two parts. The second part was devoted to the statement of the rulings on evidence in the form and language of the draft finding. The first part of the finding consisted of eighteen paragraphs listed as facts found on the trial of the case to the jury. As the court is not privileged to find facts except in a case tried to the court, the first part of the finding should not have been included. See *Piazza* v. *Norwood,* 147 Conn. 641, 643, 165 A.2d 234. Accordingly, we shall disregard the entire first part and dispose of the appeal on the rulings as they are presented in the second part of the finding.

The plaintiff testified that he had turned his car to the right before the impact and that he had injured his right knee in the accident. The collision occurred in 1958. The case was tried in 1964. An orthopedist operated on the plaintiff's right knee in 1962. During the direct examination of the surgeon, the plaintiff offered in evidence the hospital record for the 1962 hospitalization. The defendants objected to the admission of the proffered record because the records of two other hospitalizations of the plaintiff in the same hospital had been lodged with the clerk of the court, in accordance with Gen-

eral Statutes § 4-104, and these records, which concerned 1957 and 1959 admissions, had been certified by the proper hospital official along with the 1962 admission. The defendants insisted that the 1962 record could not be individually admitted into evidence but that all three records had to be offered. In the absence of the jury a lengthy discussion between the court and counsel for both parties took place. The plaintiff maintained that only the 1962 record was material to the case and that the other two were inadmissible. The court stated: "Under the statute the entire hospital record goes in as an exhibit." Thereupon the plaintiff withdrew his offer of the record as an exhibit. Immediately, the defendants offered the records of the three admissions as their exhibit, and the court admitted them as one exhibit. The plaintiff objected and excepted to the ruling.

Prior to 1955, hospital records, where relevant and material, were admissible as exhibits in evidence as general business entries under what was then § 7903 of the 1949 Revision of the General Statutes. Section 7903 was amended in 1955 by § 3159d of the 1955 Cumulative Supplement, which provided for the substitution of a reproduction where the original record had been destroyed in the usual course of business. That statute with the 1955 amendment is now General Statutes § 52-180. In 1955, the legislature also amended § 294 of the 1949 Revision by the adoption of No. 89 of the 1955 Public Acts, and the amended statute, which became §111d of the 1955 Cumulative Supplement, is now General Statutes § 4-104. The amended statute not only provided for the inspection of hospital records in state-aided hospitals by the patient or those representing him but made provision for the admis-

sion in evidence of those records without the necessity of having a witness from the hospital identify the records as ones kept in the usual course of business by the hospital. The statute provided that "[a]ny and all parts of any such record or copy, if not otherwise inadmissible, shall be admitted in evidence without any preliminary testimony, if there is attached thereto" proper certification. This amendment did not change the rules of evidence. It only simplified the procedure for the obtaining of hospital records and the introduction of them in evidence. As the amendment specifically excluded such parts of the records as are not admissible under the rules of evidence, the net result is that only such parts of the hospital record as are generally admissible can be introduced in evidence. *Maggi* v. *Mendillo,* 147 Conn. 663, 667, 165 A.2d 603; *D'Amato* v. *Johnston* 140 Conn. 54, 61, 97 A.2d 893.

In the discussion which preceded the court's ruling, it was pointed out that the 1957 hospital admission was for "gastritis" and that the diagnosis in 1959 was for "acute frontal sinusitis left, question of intracranial lesion." The 1959 hospital admission was in November. According to the defendants' argument in the trial court on the admission of the hospital record, the plaintiff had at that time developed a left-sided headache, had passed out at the wheel of his car and had nearly been in a collision. This statement of itself was insufficient to make this record admissible, and there is nothing else in the finding to justify its admission. As the plaintiff originally offered the 1962 record, he naturally does not now make an issue of its admission, or of the admission of the 1957 record. As all three records were offered and marked as one exhibit and all three were submitted to the jury and used by them in their

deliberations, it would be difficult to differentiate among them on the question of admissibility. The 1959 record should not have been marked as a full exhibit. The proper procedure would have been to have had each marked separately for identification for a later introduction of such parts of them as were not inadmissible under the rules of evidence.

The jury, in their deliberations, had the three hospital records as full exhibits for their use in the jury room. Many of the notes and entries in the 1959 record bore no relation to the questions the jury had to decide. It contains the reports of an electrocardiogram, an electroencephelogram, skull and chest x-rays, the protein content and cell count in the spinal fluid, a urinalysis, a hematology and a chemistry as well as a list of the patient's clothing. The relevancy of these entries to the need of a 1962 operation for the 1958 knee injury is not discernible. Most of them would be confusing to the average layman and could mislead the jurors. It is unnecessary to consider the other challenged ruling on evidence.

Much of the difficulty in this case is probably due to the allegations of injury recited in the complaint. The language used appears to have been designed as a catchall under which almost any imaginable injury could be proved. See *Varley* v. *Motyl,* 139 Conn. 128, 139, 90 A.2d 869. The finding only recites proof of the knee injury. The rulings on evidence are tested by the claims of proof in the statement of those rulings as they appear in the finding. Practice Book § 648, Forms Nos. 603 (B), 604; *Gervais* v. *Foehrenbach,* 149 Conn. 461, 462, 181 A.2d 253. The allegations in the complaint furnished no basis for the rulings on evidence in this case.

To facilitate the examination of hospital records,

General Statutes § 4-104 has been implemented by Practice Book § 228. This rule requires the party subpoenaing the records to have them in the clerk's office at least twenty-four hours before trial. Counsel of record are expected to examine the records before trial to ascertain the admissibility of all or any part of them in order to avoid the delay and confusion in the trial which characterized this case. Proper preparation is the hallmark of the efficient trier.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.