GENERAL MOTORS ACCEPTANCE CORPORATION
*v*. CAPITOL GARAGE, INC.

KING, C. J., ALCORN, HOUSE, COTTER and RYAN, Js.

594

Argued January 6—decided March 7, 1967

*Irwin I. Krug,* for the appellant (defendant).

*C. George Kanabis,* with whom, on the brief, was *Harry R. Traystman,* for the appellee (plaintiff).

COTTER, J. The complaint alleged that the defendant converted to its own use a car owned by the plaintiff under an assignment of a conditional bill of sale from Leader Chevrolet Company, a retail automobile dealer located in West Springfield, Massachusetts. By way of special defense the defendant in essence claimed that it was a purchaser in good faith without knowledge of the interest of the plaintiff and that the plaintiff lost whatever security interest it may have had in the automobile by failing to file a financing statement in accordance with the laws of Massachusetts.

The finding, which is supported by the evidence and thus not subject to correction, may be summarized as follows: On March 25, 1960, Frederick E. Bemis of Wilbraham, Massachusetts, purchased a Chevrolet automobile from Leader Chevrolet Company. The transaction was financed by the plaintiff, General Motors Acceptance Corporation,

through an assignment of the conditional bill of sale. Neither Leader Chevrolet Company nor the plaintiff filed the conditional bill of sale in any public office in Massachusetts. Three days later, on March 28, 1960, Bemis sold the Chevrolet to the defendant, an automobile dealer in Willimantic, Connecticut. The plaintiff, when it became aware in July, 1960, of the sale by Bemis to the defendant, made a demand on the defendant for the return of the automobile. This demand was refused by the defendant, which had already sold the automobile on March 29 to another, individual purchaser. Bemis has defaulted on his obligation to the plaintiff, and it is agreed that the plaintiff's resulting interest in the security, if any, amounts to $2861.99.

The plaintiff in its complaint alleged that Bemis had purchased the automobile for his personal or family use.[1] In proof of this allegation the plaintiff introduced the original conditional bill of sale. In a printed form, below the signatures to the conditional sale contract and on the same paper, was an acknowledgment of receipt of a copy of the contract and a representation that the purchase of the automobile was "for use only for personal or family purposes," signed by Bemis. The plaintiff also introduced evidence through representatives of Leader Chevrolet and the defendant of oral state-

---

[1] The purpose of this allegation was apparently to show that the plaintiff was exempted from the filing requirements of the Uniform Commercial Code as adopted in Massachusetts. Mass. Ann. Laws, c. 106, §§ 9-109 (1), 9-302 (1) (d); cf. Uniform Commercial Code, § 9-302 (1) (d). We need not consider whether this allegation was necessary to the plaintiff's cause of action, since the plaintiff made the allegation and consequently assumed the burden of proving it, under the rule of such cases as *Colligan* v. *Reilly*, 129 Conn. 26, 28, 26 A.2d 231, and *Rix* v. *Stone*, 115 Conn. 658, 664, 163 A. 258.

ments made to them by Bemis indicating he had purchased the Chevrolet for personal use. The defendant conceded that the document was admissible for certain purposes under the business entry rule but claimed that it was not admissible for the truth of the portion which had to do with the representation. See General Statutes § 52-180. This claim was under the theory that the probative force of the representation depended upon the competency and credibility of Bemis, who was neither a party to the suit nor a witness in the proceedings. The introduction of all this evidence was objected to by the defendant on the ground that it was hearsay. The trial court overruled the objections and, on the basis of the disputed evidence, found that Bemis had purchased the Chevrolet for personal or family use. From this finding the court concluded that the transaction between Bemis and Leader Chevrolet was exempt from the filing requirement of the Uniform Commercial Code as adopted in Massachusetts and thus that the plaintiff had not lost its secured interest, even though the conditional sale contract had not been filed. See Mass. Ann. Laws, c. 106, §§ 9-109 (1), 9-302 (1) (d). Judgment was rendered for the plaintiff, and the defendant has appealed, claiming error in the admission of the disputed evidence.

The written recital, described in the document as a representation, comes within the exclusionary hearsay rule since it "was a statement out of court by one not a party to this action, offered to affect the defendant, not itself a party to the contract." *Brown* v. *Connecticut Light & Power Co.,* 145 Conn. 290, 294, 141 A.2d 634; *Antedomenico* v. *Antedomenico,* 142 Conn. 558, 563, 115 A.2d 659; *Burn* v. *Metropolitan Lumber Co.,* 94 Conn. 1, 6, 107 A.

609. This general rule, which excludes hearsay evidence unless it comes within one of the recognized exceptions, applies to written statements as well as oral ones. The reason for the rule is basically that the sanction of an oath and the test of cross-examination are absent. While there are many exceptions to the rule, in general they have been created where the statements are made under conditions deemed to render them equal in reliability and trustworthiness to those which are made under the sanctions described. *Brown* v. *Blauvelt,* 152 Conn. 272, 275, 205 A.2d 773; *Warner* v. *Warner,* 124 Conn. 625, 638, 1 A.2d 911.

The plaintiff claimed, inter alia, that the written declaration by Bemis was admissible without limitation as a regular business entry, and the trial court so ruled. See General Statutes § 52-180. The application and the interpretation of this statute have been considered in a number of cases involving the admission, as exhibits, of hospital records which may now be offered for admission under General Statutes § 4-104. (See *Ianni* v. *Daily,* 153 Conn. 445, 448, 217 A.2d 707, for a discussion of the history of §§ 52-180 and 4-104.) In passing upon the exclusion of an entry in a hospital record, where the record had been admitted without objection as a business entry under the provisions of § 52-180, we decided that, while this statute should be construed liberally, it should not be interpreted to allow the admission of every statement which happens to be contained in a business entry or record. *Maggi* v. *Mendillo,* 147 Conn. 663, 667, 165 A.2d 603; *Stitham* v. *LeWare,* 134 Conn. 681, 685, 60 A.2d 658. The statute may not be used for admitting statements which are collateral to the essential purpose of the business entry. *D'Amato*

v. *Johnston,* 140 Conn. 54, 61, 97 A.2d 893. . Nor should it be allowed as a vehicle for admitting statements of third parties who had no business duty in relation to the entry made. *D'Amato* v. *Johnston,* supra, 59. In the present case, the business record in question contained a statement by Bemis, who had no official position with the maker of the record and no business duty to contribute to that record, regarding a matter which was essentially collateral to the transaction recorded. As such, the statement could not properly be admitted under General Statutes § 52-180. See *Sheary* v. *Hallock's of Middletown, Inc.,* 149 Conn. 188, 195, 177 A.2d 680.

The plaintiff also asserts that the representation by Bemis was admissible as the declaration of a mental state. This argument assumes that the evidence was admitted merely to show a subjective state of mind on the part of the declarant. The allegations of the complaint, however, and the finding of the trial court are both concerned with the objective fact of a consummated intent. It is apparent that the testimony was not introduced to show the declarant's unqualified state of mind, as in such cases as *Spencer's Appeal,* 77 Conn. 638, 643, 60 A. 289, but as evidence of the fulfilled purpose of the transaction, from Bemis' point of view. Under the circumstances, it was hearsay. In addition, since the record discloses that Bemis resold the automobile out of state three days after he had purchased it, and since he apparently engaged in similar fraudulent activities on at least three other occasions, winding up in prison, it cannot be said that the declaration was made in a natural manner, in apparent good faith and without reason for fabrication. See 6 Wigmore, Evidence (3d Ed.) § 1725;

cf. *Cascella* v. *Jay James Camera Shop, Inc.,* 147 Conn. 337, 342, 160 A.2d 899. The rule of vicarious admissions on the ground of privity is manifestly inapplicable because the declaration by Bemis had no relevance to his title and was, if anything, a self-serving representation. 4 Wigmore, op. cit. §§ 1080-1082.

The admission of testimony by the agent for Leader Chevrolet Company, to the effect that Bemis told him, while the papers were being prepared, that he was buying the car for personal use, raises the same issues as have been discussed in regard to the contemporaneous written statement. This testimony merely related the facts concerning the oral counterpart of the written declaration. For the reasons already stated, it should not have been admitted as proof of the allegation that the automobile was in fact purchased for personal use. Likewise, the testimony of Carl Lewis, the president of the defendant, that Bemis told him he had purchased the Chevrolet for his wife, was not admissible as proof that Bemis had in fact purchased the car for that purpose. The remaining claims of the plaintiff regarding various exceptions to the hearsay rule are without merit and require no discussion.

Since the disputed evidence offered does not come within the well-established exceptions to the hearsay rule, we conclude that this evidence should have been excluded under the general rule that hearsay recitals in written statements or documents are generally held to be inadmissible, in accordance with such cases as *Shachoy* v. *Chevrolet Motor Co.,* 280 Mass. 442, 182 N.E. 830; *Klefbeck* v. *Dous,* 302 Mass. 383, 19 N.E.2d 308; and *Runels* v. *Lowell Sun Co.,* 318 Mass. 466, 62 N.E.2d 121. See *Ray-*

*mond* v. *Parker,* 84 Conn. 694, 699, 81 A. 1030; *Ezzo* v. *Geremiah,* 107 Conn. 670, 679, 142 A. 461; 20 Am. Jur., Evidence, § 916; note, 10 A.L.R.2d 1035.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion KING, C. J., and RYAN, J., concurred; ALCORN and HOUSE, Js., concurred in the result.