CORNELIUS F. KELLY ET AL. *v.* ROBERT SHEEHAN

KING, C. J., ALCORN, HOUSE, THIM and RYAN, JS.

Argued May 9—decided June 4, 1969

*William R. Davis,* with whom, on the brief, was *Leon RisCassi,* for the appellants (plaintiffs).

*William R. Moller,* with whom, on the brief, were *J. Ronald Regnier* and *Robert F. Taylor,* for the appellee (defendant).

ALCORN, J. In the trial of an action brought on behalf of the named plaintiff, a minor, seeking to recover damages for personal injuries, in which the minor's father joined seeking recovery for attendant medical expenses, the jury returned a verdict for the defendant. The court denied the plaintiffs' motion to set aside the verdict, and the plaintiffs have appealed from the judgment rendered on the verdict. Error is assigned in the finding, in numerous rulings on evidence, in the charge to the jury, and in the denial of the plaintiffs' motion to set aside the verdict. We consider a ruling on evidence decisive of the case.

There is no dispute that, at some time between 1 a.m. and 1:20 a.m. on the morning of May 12, 1963, the motor vehicle in which the minor plaintiff was riding collided with a guidepost at the edge of an entrance ramp to route 9, a public highway, in Middletown. The only occupants of the car were the minor plaintiff, sixteen years old, and the defendant, a minor fifteen years old. There were no witnesses to the collision. When persons later arrived at the scene, the minor plaintiff was found lying between the two front bucket seats of the car unconscious, paralyzed below the neck, and unable to move his body. He was removed by ambulance to the Middlesex Memorial Hospital.

The plaintiffs claimed that the defendant was the driver of the car. The defendant claimed that the minor plaintiff was the driver. The identity of the driver was the vital and bitterly contested issue between the parties at the trial.

During the course of the trial, the plaintiffs' counsel offered in evidence the record of the Middlesex Memorial Hospital relating to the minor plaintiff on his admission there following the accident. The

record was offered on a limited basis with the claim that two entries appearing in it were inadmissible and should be eliminated. One entry was a statement appearing on the third page of the record reciting, "16 yr old boy was driving car when his car hit an iron grid. His head struck against bucket seat. Boy fainted and brought to the ER in comatosed stage and profound shock." The other entry appeared on the final summary sheet of the report and stated, "This 16 yr old boy was admitted as an emergency on 5/12/63 following an automobile accident in which the car in which he was driving struck a highway post at a high rate of speed." The plaintiffs' counsel asserted that there was no evidence to prove that the information contained in these statements came from the minor plaintiff or any other knowledgeable person and that, although the fact that the boy had been in an automobile accident might be of significance in his care and treatment, whether he had been the operator of, or a passenger in, the vehicle was completely immaterial to his care and treatment. For these reasons counsel offered the record exclusive of the two references to the operation of the vehicle.

Counsel for the defendant opposed the offer as made, claiming that the entire record was admissible, on the premise that no one but the minor plaintiff could have given the information as to the identity of the driver and that, consequently, the entire record was admissible not only by virtue of General Statutes § 52-180, the business entry statute, but also as a recordation of an admission by the minor plaintiff.

It had been the plaintiffs' claim that the minor plaintiff suffered from retrograde amnesia as a result of the accident and remembered nothing of

what happened. At the conclusion of an extended colloquy, the court suggested that an issue before the jury was whether the minor plaintiff remembered the events and that the defendant was entitled to "meet that issue by producing here in court anything that may have been said by Neil [the minor plaintiff] or maybe Neil's father Thomas, you see, during that critical period." The plaintiffs' counsel claimed, on the other hand, that the record did not disclose that the statement had been made by the minor plaintiff or by any person party to the case. The court ruled: "The issue is before the jury whether or not he does not remember. They may very well believe that he does not remember, but on the other hand they may read this report and they may determine that he did actually talk with this doctor . . . ." It admitted the hospital record after masking only the statement appearing on the final summary sheet. The plaintiffs' counsel duly excepted.

As the result of the ruling, the hospital record containing the statement that the minor plaintiff "was driving car when his car hit an iron grid" was laid before the jury and became a potent piece of evidence on the most vital issue in the case.

Since the enactment, in 1931 (see Cum. Sup. 1935 § 1675c.), of the predecessor of § 52-180 of the General Statutes, which allows the admissibility of entries made in the regular course of business as an exception to the hearsay rule, hospital records detailing diagnosis, treatment and condition of a patient and facts helpful to understanding the medical and surgical aspects of the case have been admissible in evidence but not events or narration pertaining to the patient's resort to the hospital which have no reference to his treatment or medical or

surgical history in the hospital. *Borucki* v. *Mac-Kenzie Bros. Co.,* 125 Conn. 92, 103, 3 A.2d 224; see *State* v. *Paulette,* 158 Conn. 22, 25, 255 A.2d 855. Section 4-104 of the General Statutes provides that any and all parts of a hospital record, "if not otherwise inadmissible, shall be admitted in evidence without any preliminary testimony, if there is attached thereto" proper certification.

The mere fact that a record is generally admissible under § 52-180 "does not mean that anything and everything contained in the record is necessarily admissible in any given case." *Maggi* v. *Mendillo,* 147 Conn. 663, 667, 165 A.2d 603. "The real business of a hospital is the care and treatment of sick and injured persons. It is not to collect and preserve information for use in litigation. Accordingly, even though it might be the custom of a hospital to include in its records information relating to questions of liability for injuries which had been sustained by its patients, such entries . . . would not be made admissible by the statute unless they also contained information having a bearing on diagnosis or treatment." *D'Amato* v. *Johnston,* 140 Conn. 54, 61, 97 A.2d 893. The recital in the hospital report that the minor plaintiff was driving the vehicle in which he sustained his injury had no bearing on the diagnosis or treatment of his injuries. Consequently, that statement in the report was not admissible under § 52-180.

General Statutes § 4-104 provides that all parts of a hospital record may be admitted in evidence "if not otherwise inadmissible." The statute expressly excluded such parts of the Middlesex Memorial Hospital record as were not admissible under the rules of evidence. *Ianni* v. *Daily,* 153 Conn. 445, 449, 217 A.2d 707. This included evidence not admissible

under the exception to the hearsay rule offered by § 52-180. The record before us does not disclose that the minor plaintiff made any statement as to who was the driver of the car in which he was injured. Consequently, the information appearing in the report would not be admissible to contradict his claim of lack of memory of the events surrounding the collision or as an admission that he was driving the car. The statement was clearly inadmissible under § 4-104.

Since the statement which was admitted as part of the report had direct and vital bearing on a decisive issue in the case, its admission in evidence was clearly harmful error. In view of this conclusion, it is unnecessary to discuss any of the other assignments of error.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.