STATE OF CONNECTICUT *v.* ANONYMOUS (1974-2)*

APPELLATE DIVISION OF THE COURT OF COMMON PLEAS

* Thus entitled, in view of General Statutes § 54-90.

CIANO, J. The defendant was charged with, and found guilty of, larceny in the second degree in violation of § 53a-123 of the General Statutes, which provided: "(a) A person is guilty of larceny in the second degree when: (1) The property consists of a motor vehicle, or (2) the value of the property or service exceeds five hundred dollars. (b) Larceny in the second degree is a class D felony." Section 53a-119 (8) defined larceny as: "Receiving stolen property. A person is guilty of larceny by receiving stolen property if he receives, retains, or disposes of stolen property knowing that it has probably been stolen or believing that it has probably been stolen, unless the property is received, retained or disposed of with purpose to restore it to the owner."

No bill of particulars was filed by the state although the defendant requested a bill of particulars.

The facts, in brief, are that the defendant was the sole occupant and operator of an automobile on I-91 in Middletown at about 2:45 a.m. when he was stopped by a state trooper for allegedly speeding and having defective lights. The automobile had New York registration plates, and the defendant was traveling from Boston, where he had been visiting,

to New York City. He was unable to produce an operator's license or a registration of the automobile. In the glove compartment of the automobile the state trooper found a "lease card" of a leasing firm in New York City. The trooper checked out the registration plates and was notified that the car had been stolen in New York City. The defendant was placed under arrest and charged with larceny, as aforesaid, and was tried and found guilty by the court.

After the state trooper had testified, the state produced only one other witness, R, who claimed that he was employed by the leasing firm as a security officer checking for lost or stolen cars. R produced a document, exhibit A, which was admitted by the court as a record kept in the ordinary course of business under the provisions of § 52-180 of the General Statutes.[1]

The defendant did not object to the document as a document prepared in the ordinary course of business but did object to certain statements and comments in the document on the ground that they were hearsay and were not admissible as exceptions to the hearsay rule. The defendant claimed that since the statements were offered to prove an essential element of the crime, they should be proved through a person who had personal knowledge of that element and was available for cross-examination. The failure to produce such a person was, the defendant contended, a denial of his right under the sixth

[1] "Sec. 52-180. ADMISSIBILITY OF BUSINESS ENTRIES AND PHOTOGRAPHIC COPIES. Any writing or record, whether in the form of an entry in a book or otherwise, made as a memorandum or record of any act, transaction, occurrence or event, shall be admissible as evidence of such act, transaction, occurrence or event, if the trial judge finds that it was made in the regular course of any business, and that it was the regular course of such business to make such writing or record at the time of such act, transaction, occurrence or event or within a reasonable time thereafter. . . ."

amendment to the United States constitution to confront witnesses against him. *State* v. *Tedesco,* 6 Conn. Cir. Ct. 598.

Exhibit A was entitled ". . . Rent A Car Vehicle Accident Report." Underneath the title in red letters was the word "Theft." Alongside the word "Renter" was written the name of a corporation and then the word "Stolen." Alongside "Driver of . . . Vehicle" was written the name of B, an employee of the corporation. There were further notations, such as the date and time of the occurrence, alongside "Accident Report," "Reported to Insurance," and information as to the type of car. On the reverse side of the document, alongside the words "Complete Description of Accident By Driver," was written: "Vehicle # 1 Stolen: Driver steped [sic] out of vehicle to get a news stand to get a paper. Some kid jumped into the vehicle and drove away."

Neither the exhibit nor the record discloses whether the lessee corporation, whose duty it was to make such a report, made the telephone call. It was not disclosed whether B made the telephone call that the car was stolen. The identity of the person who made the telephone call was never disclosed during the trial.

The defendant did not object to the document as a business entry under § 52-180 but objected to the admission of the hearsay statements that the car was stolen, since the veracity of the statements could not be ascertained nor could there be any test of the trustworthiness of such an entry in the business record. R was not an officer of the leasing firm, a custodian of the records, or the person whose duty it was to transmit or report the message or make the entry. His testimony was limited solely to the fact that his only knowledge was that he obtained the document from a file cabinet in the insurance department.

For a record to be admissible under the statute, it is required to meet three qualifications: (1) It must be made in the regular course of business. (2) It must be the regular course of business to make such record. (3) It must be made at or near the time of the act, transaction or event. *Szela* v. *Johnson Motor Lines, Inc.*, 145 Conn. 714, 723. "[T]he mere fact that a record is generally admissible . . . [under the statute] does not mean that anything and everything contained in the record is necessarily admissible in any given case." *Maggi* v. *Mendillo*, 147 Conn. 663, 667; *General Motors Acceptance Corporation* v. *Capitol Garage, Inc.*, 154 Conn. 593, 597. To be admissible, the record must be one based on the entrant's own observation or upon information of others whose duty it is to transmit it to him, all of whom must be members of the organization whose record it is. *D'Amato* v. *Johnston*, 140 Conn. 54, 60.

Our Supreme Court has held certain parts or statements in hospital records, police reports or statements expressing opinions or conclusions as hearsay and inadmissible under our business entry statute. In the present action, a telephone call from an unknown person that the car was stolen is reason enough to exclude the opinion or conclusion when the person who has made the statement is not under oath and subject to cross-examination. Note, 69 A.L.R.2d 1148, 1152; 30 Am. Jur. 2d, Evidence, § 1002.

The defendant was accused of a crime which the state had to prove beyond a reasonable doubt by establishing that the car had been stolen. That element of the crime could not in this, a criminal case, be proved by a bald statement transmitted by an unknown person over a telephone - and then written in a document. Hearsay recitals in written statements or documents are generally held inad-

missible. *Ezzo* v. *Geremiah,* 107 Conn. 670, 671; *Raymond* v. *Parker,* 84 Conn. 694, 699. The reason for the exclusionary hearsay rule is basically that the sanction of an oath and the test of cross-examination were absent. *General Motors Acceptance Corporation* v. *Capitol Garage, Inc.,* supra; *Ianni* v. *Daily,* 153 Conn. 445, 448; *Brown* v. *Blauvelt,* 152 Conn. 272, 275; *Sheary* v. *Hallock's of Middletown, Inc.,* 149 Conn. 188, 195.

To admit the hearsay statements, as contained in the document, that the vehicle was stolen was error, and the court erred in failing to sustain the defendant's objection.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion O'BRIEN and MISSAL, Js., concurred.