ESTHER TEMPLE *v.* F. W. WOOLWORTH COMPANY

HOUSE, C. J., COTTER, LOISELLE, BOGDANSKI and LONGO, Js.

Argued November 13, 1974—decision released February 18, 1975

*John J. McNamara,* for the appellant (plaintiff).

*Edward F. Halloran,* for the appellee (defendant).

COTTER, J. The plaintiff has appealed from a judgment rendered on a verdict against her in an action to recover damages resulting from a fall on the defendant's premises claimed to be due to the defective condition of the floor. Error is assigned in rulings on evidence which we consider dispositive of the appeal.

There is no dispute that on July 18, 1964, the plaintiff fell on the premises in the defendant's store located on Main Street in Bridgeport. The plaintiff's claim for damages was based on injuries to her right shoulder allegedly sustained as a result of this fall. In the course of trial she testified that on the above date she fell in the defendant's store because of a defect consisting of a raised metal strip and a depression in the floor, and that she did not fall at any other time during her stay in Bridgeport during the summer of 1964. Thereafter, the defendant's counsel offered in evidence two emergency room records of St. Vincent's Hospital, where the plaintiff had been treated on July 19, and August 7, 1964. The hospital record of July 19 incorrectly included under the heading, "[I]f accident, where occurred," the notation "[V]isiting — Mrs. Esther Williams, 755 Trumbull Avenue. . . ." and under the same section of the August 7 hospital record it read "fell in Woolworths." It is agreed that the plaintiff fell in the defendant's store on July 18, 1964, and that the location of that fall was incorrectly entered in the first hospital record. The plaintiff's counsel objected to the admissibility of those portions of the hospital records on the ground, among others, that the entries did not concern the "medical complaints and/or medical treatment, et cetera," nor did it appear from whom the information was derived. The trial court overruled the objections and

admitted the inaccurate data which related to the issue whether the injuries claimed by the plaintiff were due to a fall at the defendant's store or someplace else. The plaintiff's counsel took an exception and assigned error in the rulings.

A hospital record may be offered in evidence pursuant to § 4-104 of the General Statutes so long as it is "not otherwise inadmissible" and if such record is made "in the regular course of the business of the hospital, and that it was the regular course of such business to make such record at the time of the transactions, occurrences or events recorded therein or within a reasonable time thereafter." Hospital records not admissible pursuant to the rules of evidence are expressly excluded under § 4-104 since that statute does not change the rules of evidence but only simplifies the procedure for obtaining hospital records and their introduction in evidence.[1]

A hospital record as a whole is not necessarily admissible for all purposes or as proof of all facts found therein since the admissibility of a particular entry usually depends on whether it relates to acts, transactions, occurrences or events which are relevant and incident to the hospital treatment of the patient when the entry was made at the time of the patient's care and treatment. *Maggi* v. *Mendillo,* 147 Conn. 663, 165 A.2d 603; *Ianni* v. *Daily,* 153 Conn. 445, 217 A.2d 707; 42 Am. Jur. 2d, Hospitals and Asylums, § 43; 32 C.J.S., Evidence, § 728 (c). Gen-

---

[1] Prior to the enactment of § 4-104, hospital records, where relevant and material, were admissible as evidence under § 52-180 or its predecessors as general business entries. *Ianni* v. *Daily,* 153 Conn. 445, 448-49, 217 A.2d 707.

erally, matters collateral to the essential purpose of the business entry may not be admitted under the statute. See, *General Motors Acceptance Corporation* v. *Capitol Garage, Inc.*, 154 Conn. 593, 597, 227 A.2d 548. For example, a notation in a portion of a hospital record containing the automobile driver's identity, which had a direct and vital bearing on a decisive issue in the case, was not relevant to the diagnosis or treatment of the patient's injuries so that its admissibility in evidence was clearly harmful error. *Kelly* v. *Sheehan,* 158 Conn. 281, 285–86, 259 A.2d 605. Ordinarily, information relating to liability for injuries sustained by a patient is not admissible, unless under the circumstances such entries contain relevant information bearing on a proper diagnosis of his injuries, proper treatment of them, or are relevant to his medical or surgical history in the hospital; it is not the business of a hospital to collect and preserve information for use in litigation. *Kelly* v. *Sheehan,* supra, 284–85; *D'Amato* v. *Johnston,* 140 Conn. 54, 61, 97 A.2d 893; annot., 38 A.L.R.2d 778; see also, *Kraus* v. *Kansas City Public Service Co.,* 269 S.W.2d 743, 746 (Mo.); *Gilligan* v. *International Paper Co.,* 24 N.J. 230, 238, 131 A.2d 503.

In this case, the defendant's counsel made no effort, in response to the plaintiff's objection to the admission of the entries, to establish any possible correlation between the places where the plaintiff's injuries may have occurred and the diagnosis or treatment of the plaintiff's injuries. In view of these circumstances, we cannot conclude that the disputed entries contained "information bearing on diagnosis or treatment" so as to have been made in the regular course of the hospital's business. The challenged entries were inadmissible under § 4-104.

The information in at least one of the entries on the hospital record, that of July 19, directly contradicted the plaintiff's own testimony as to the place where the fall occurred causing the injuries for which she claimed damages. Since the notation which was admitted as part of the record had direct and vital bearing on a decisive issue in the case, its admission in evidence was reversible error. *Kelly* v. *Sheehan,* supra, 286.

We need only point out, in holding the error harmful, that the defendant throughout this case has denied that the injuries complained of by the plaintiff were caused by a fall at the defendant's store. The evidence in dispute was, moreover, treated by counsel for both parties at the trial as relevant to the issue of liability for the injuries allegedly sustained. During argument on the plaintiff's objection to admission of the hospital record, for example, the following colloquy occurred: Mr. McNamara (plaintiff's attorney): "Also, it says here — it has written in by someone, 'if accident, where occurred.' And then it says, 'Visiting — Mrs. Esther Williams.' And then it has her address. Now, this is a very harmful type thing, and I think that I should be able to examine whoever it was that took this kind of information, because as you know, it's crucial as far as liability is concerned." Mr. Halloran (defendant's attorney): "If Your Honor please, the records are admissible under the statute. The matters that Mr. McNamara brings up are things that he doesn't like to have on the record perhaps." The possibility that the injuries complained of by the plaintiff were the result of a fall at a place other than the defendant's store was present in the case with the admission of this entry in the hospital record. It cannot be said, therefore, that the disputed evidence was

not considered by the jury on the issue of liability. At no time did the defendant concede the issue of *causation* of injuries, an issue as relevant to the ultimate issue of liability as is negligence. Prosser, Torts (3d Ed.) § 41; McCormick, Evidence (2d Ed.) § 185.

The question of damages can be reached only after the threshold elements of liability, viz., negligence plus proximate cause, have been resolved in favor of the plaintiff. Since the defendant did not admit that the fall caused any of the plaintiff's injuries all the recorded entries in dispute affected the issue of liability. Chief Justice Wheeler stated the case succinctly when he wrote for a majority of this court on an earlier occasion, "[b]efore the trier is called upon to even pass upon the question of liability [for damages] the court must determine whether the jury would be justified in finding that there is a negligent act *and* that there is a causal connection between that act and an injury. When the issue of liability is submitted to the jury or trier then the issue of the *extent* of the injury arises. *No part of that can arise unless there be a causal connection in whole or in part between the act of negligence and the injury.*" (Emphasis added.) *Mahoney* v. *Beatman,* 110 Conn. 184, 196, 147 A. 762; see also *Cardona* v. *Valentin,* 160 Conn. 18, 24, 273 A.2d 697; Prosser, op. cit. § 52.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion BOGDANSKI and LONGO, Js., concurred.

LOISELLE, J. (dissenting.) The analysis of General Statutes § 4-104 as to the admissibility of hospital records in the majority opinion is, in my opinion,

correct. Further, I agree that the court was in error in allowing that portion of the hospital records that indicated the location of the fall. However, even though it was error on the court's part to allow that portion of the hospital record to be received in evidence, it was not harmful. The first hospital record, as stated in the majority opinion, recited that the fall occurred in another locality. The second hospital record stated both the date and location of the fall as claimed by the plaintiff. At no place in the record or in the testimony in the trial is there a claim by anyone that the fall in question happened anywhere but where the plaintiff claims she fell. The only witness for the defendant testified that the plaintiff fell where she claimed she did and, in fact, described the exact location as that claimed by the plaintiff. Finally, in argument to the jury, defendant's counsel admitted that the plaintiff fell in the defendant's store on the date and location she alleged. I fail to see how a jury could have been misled by these facts to a finding that a fall occurred in a locality other than the place claimed by the plaintiff and admitted by the defendant.

Assuming, arguendo, that despite the testimony of all the witnesses and the admission by counsel during argument that the plaintiff fell in the defendant's store, the most that the jury could find would be that there were two separate falls at two separate locations. This finding by the jury would go only to damages and not to liability. Whether the plaintiff might have fallen somewhere else, either before or after her fall at the defendant's store, would in no way affect a determination of whether the defendant was liable for a fall in its store, which all the testimony refers to and which

was admitted by the defendant in testimony and again in argument. And, even if the jury could speculate that all injuries complained of by the plaintiff were from the "other fall," despite all the testimony given at the trial, despite the statements of the defendant's counsel, and despite the second hospital report which unquestionably refers to the fall in the defendant's store, the plaintiff would be entitled to a plaintiff's verdict of some kind, even if for only nominal damages, if the jury found that the fall in the defendant's store was proximately caused by the defendant's negligence and that she was in exercise of due care. Evidence as to a prior fall could only have affected the extent of recovery for that invasion of her person. Thus, even if the colloquy between the plaintiff's attorney and the defendant's attorney which is recited in the majority opinion and which occurred in the absence of the jury indicates that the admitted evidence was considered relevant by both parties, the relevance of that evidence, in fact, went only to the extent of the defendant's liability for damages. As the fall in the defendant's store was admitted, the evidence of a prior fall could not affect the question of "causation in fact" for this event, but only the question of the portion of the total damages sustained which may be properly assigned to the defendant as distinguished from other causes. This question is primarily not one of the fact of causation, but one of apportionment of damages. See Prosser, Torts (3d Ed.) §§ 41 and 42.

In the present case, the jury found that either the defendant was not negligent or if negligent, and its negligence was the proximate cause of the fall, that the plaintiff was contributorily negligent. The jury never reached the issue of damages and the question

of whether the injuries claimed resulted from one fall, whatever location they deemed it to have occurred, or from both falls.

I would find no error.

In this opinion HOUSE, C. J., concurred.