HARRIET BONNER *v.* EDWARD W. WINTER ET AL.

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and SPEZIALE, Js.

Argued November 2, 1977—decision released February 28—reargued April 11—substitute decision released May 2, 1978

[*] Formerly the welfare commissioner.

42

*Stephen G. Friedler* and *John A. Keyes,* for the appellant (plaintiff).

*John H. Peck,* for the appellant (defendant Edward W. Bonner).

*Kevin T. Gormley,* for the appellees (named defendant and defendant Edward C. Winter).

LOISELLE, J. The plaintiff, Harriet Bonner, brought this action to recover damages for injuries she suffered as a result of a collision between a motor vehicle operated by her husband, the defendant Edward W. Bonner, in which she was a passenger, and a motor vehicle operated by the defendant Edward C. Winter. A jury returned a verdict for the plaintiff against the defendant Edward W. Bonner and in favor of the defendants Winter, and both Bonners have appealed.

The facts recited in all briefs reveal that on May 20, 1969, both vehicles were traveling south on Norton Street in New Haven, when, at approximately 5:15 p.m., the cars collided. Bonner claims that as he was driving south, with only a single car ahead of him, his car was suddenly struck in the left rear fender. Winter claims that the Bonner vehicle, while passing him on the right, hooked his right front bumper.

The defendant Edward Bonner's initial claim of error pertains to the court's refusal to allow into evidence that portion of a police report referring to the defendant Winter's description of how the accident occurred. Bonner claims that the police report was admissible as a business record, pursuant to General Statutes § 52-180, and that the relevant segment of the report was admissible as an admission of a party-opponent.

General Statutes § 52-180 provides for the admission into evidence of a business record if it is found that the entry "was made in the regular course of any business, and that it was the regular course of such business to make such writing or record at the time of such act, transaction, occurrence or event or within a reasonable time thereafter." When the requirements of this provision are met, a police report is generally admissible as a business entry. *Bansak* v. *Pawelczyk,* 173 Conn. 520, 523, 378 A.2d 569; *Mucci* v. *LeMonte,* 157 Conn. 566, 569, 254 A.2d 879; *Szela* v. *Johnson Motor Lines, Inc.,* 145 Conn. 714, 723, 146 A.2d 910.

In the present case, a member of the New Haven police department testified that police reports are made in the normal course of business of the department and that it is the duty of the investigating officer to submit a report of any accident investigated. The evidence established that the report of this accident was made about two hours after the accident by the investigating officer, who, it was stipulated, did not actually witness the accident. This evidence established that the requirements of § 52-180 were satisfied. See, e.g., *State* v. *Palozie,* 165 Conn. 288, 294, 334 A.2d 468; *State* v. *Vennard,* 159 Conn. 385, 397, 270 A.2d 837; *Szela* v. *Johnson Motor Lines, Inc.,* supra, 723.

The defendant Winter does not contest the admissibility of the report on these grounds. Rather, he argues that, in accordance with *Mucci* v. *LeMonte,* supra, 569, "[f]or an item contained in a report to be admissible, it must be based on the entrant's own observation or on information of others whose business duty it was to transmit it to the entrant." Winter claims that since the investigating officer did not personally observe the incident, and since he himself was under no business duty to transmit to the officer his version of the accident, that portion of the report relating the statements he made to the officer were properly excluded as hearsay.

The defendant Winter's argument fails to encompass the fact that his statement to the investigating officer constituted an admission of a party-opponent and was admissible on those grounds as an exception to the hearsay rule. As this court stated, when confronted with a similar argument in *State* v. *Palozie,* supra, 295, "[t]he admission of the defendant made to the entrant was also within the provisions of § 52-180. Since the defendant's statement was in the nature of an admission and came within the exception to the hearsay rule, the entrant's report concerning the admission would be admissible to prove the truth of the statement despite the fact that the defendant had no business duty to make the statement." See also *Kelly* v. *Sheehan,* 158 Conn. 281, 285–86, 259 A.2d 605; McCormick, Evidence (2d Ed.) § 310.

The court, therefore, erred in failing to admit into evidence that portion of the report pertaining to the defendant Winter's comments to the investigating officer as to the nature and cause of the accident. This admission had a direct and vital

bearing on the decisive issue in the case. Conse-
quently the court's erroneous ruling was harmful
and the defendant Bonner is entitled to a new trial.
As a result, Edward W. Bonner's additional claims
of error relating to the liability issue need not be
addressed. He makes no claim of error relating to
the issue of damages.

In the original opinion in this case, announced on
February 28, 1978, we denied the plaintiff's claim
of error in the court's ruling denying the admissi-
bility of that portion of the police report containing
the statement of the defendant Winter on the ground
that she had objected to the report's admission and
could not benefit from an error which she induced.
The brief of the defendant Winter referred to two
instances where the plaintiff objected to admissi-
bility of the police report. The first objection to
which the defendant referred was clearly directed
at that portion of the police report containing the
statement of Winter. The second objection referred
to was not clearly directed at this portion of the
report, but may have been directed at a separate
portion pertaining to the plaintiff's injuries.
Although the plaintiff had an opportunity to file
a reply brief in response to these references,
she elected not to do so. Indeed, the plaintiff's
brief made no attempt to follow Practice Book, 1963,
§ 631A (c) (3) relating to review of claimed errors
in rulings.[1]

In the motion to reargue we were, for the first
time, referred to a portion of the transcript in which

---

[1] The plaintiff's brief affirmatively states that she "asserted at the
trial that this should have come in as an admission on a business
entry." We have been unable to find such an assertion in the tran-
script and counsel, upon our request to locate such an assertion, has
failed to do so.

the trial court "erased" all prior rulings relating to the offer of the police report in evidence. This "erasure" occurred after the objection by the plaintiff, previously referred to, which encompassed Winter's admission. An examination of the transcript reveals so many arguments, motions and countermotions relating to the offer of the police report, that it is no wonder the trial court finally wiped the slate clean and started anew. This being so, however, the state of evidence was such that none of the motions made and exceptions taken prior to this ruling by the court was of any import. Consequently, the plaintiff appears not to have objected to the admission of this segment of the report.

It is difficult to resist the urge to bar the plaintiff from benefitting from the court's error in excluding the disputed portion of the police report, as we did in the original opinion, in view of the affirmative assertions in her brief, noted in the footnote, the lack of abiding by the Practice Book rules, and the failure to indicate in her brief the court's clearly relevant action in "erasing" its early rulings on the report's admissibility. As previously stated, however, the court's ruling denying the admission of Winter's statement into evidence had a direct and vital bearing on the decision issued in the case. "[T]he claimed errors should be scanned with special care, but, since they concerned principles of controlling importance upon a vital issue in the case, counsel's conduct cannot affect the defendant's right to relief upon this appeal." *Riley* v. *Connecticut Co.*, 129 Conn. 554, 560, 29 A.2d 759; *Foote* v. *E. P. Broderick Haulage Co.*, 123 Conn. 296, 299, 195 A. 191.

The plaintiff claims two additional errors, the first pertaining to the court's charge to the jury that she was not entitled to an award for future

medical expenses. Conceding that there were allegations in the complaint concerning future medical and prescription expenses, the court charged that "[t]here was no medical evidence to support these claims made by the plaintiff, that is, there was no medical evidence to support the claims that the plaintiff would incur future medical and prescription costs. So, in this case you should not consider future expenses for medical care and attention for the cost of prescriptions." The plaintiff claims that by so charging, the court improperly took this issue away from the jury. In support of this claim, the plaintiff cites testimony to the effect that she continues to be in pain, that her medical expenses have accumulated to $6544.22, that she continues to take medication, and that she has increasing disability and continues to see her doctor.

"Claims of error addressed to the charge are tested by the pleadings and by the evidence relevant to the claimed error as presented in narrative form . . . in the parties' briefs." *Tierney* v. *American Urban Corporation,* 170 Conn. 243, 250, 365 A.2d 1153; *Galligan* v. *Blais,* 170 Conn. 73, 74, 364 A.2d 164; Practice Book, 1963, § 631A. A court does not err in declining to charge the jury on an issue not supported by the evidence, particularly where such charge might unfairly influence the jury. *Hamill* v. *Neikind,* 171 Conn. 357, 361, 370 A.2d 959; *Panaroni* v. *Johnson,* 158 Conn. 92, 110–11, 256 A.2d 246; *DeCarufel* v. *Colonial Trust Co.,* 143 Conn. 18, 20, 118 A.2d 798. Instructions regarding the issue of damages "(1) should be confined to matters of damages in issue by virtue of the pleadings and evidence in the case, (2) must be sufficiently definite to authorize the assessment of damages to which the party is entitled, and (3) cannot be left

entirely to the discretion of the jury without reasonable guidelines for them to find damages to which they think the plaintiff may be entitled." *Panaroni* v. *Johnson,* supra, 110. The issue of damages can only be reached after the threshold elements of liability—negligence and proximate cause—have been established. *Temple* v. *F. W. Woolworth Co.,* 167 Conn. 631, 636, 356 A.2d 880. " 'To be entitled to damages a plaintiff must establish a causal relation between the injury and the physical condition which he claims resulted from it. *Bates* v. *Carroll,* 99 Conn. 677, 679, 122 A. 562. This causal connection must rest upon more than surmise or conjecture. *Witkowski* v. *Goldberg,* 115 Conn. 693, 696, 163 A. 413.' " *Budney* v. *Zalot,* 168 Conn. 388, 362 A.2d 861.

In the present case, the testimony upon which the plaintiff relies in support of her claim goes toward establishing her existing physical condition as it may continue into the future. The plaintiff points to no medical testimony which would indicate that that condition was caused by the negligence of either defendant. Because the plaintiff failed to submit evidence tending to show that those conditions which might require continued medical attention were caused by the accident in question, the court properly charged that the plaintiff was not entitled to an award of future medical expenses. It is the duty of a court to submit to the jury only those issues relevant to the facts in evidence. *Panaroni* v. *Johnson,* supra, 110.

The plaintiff finally claims entitlement to a new trial on the grounds that "the cumulative effect of the conduct of the defendant Bonner was so great as to reflect adversely on Mrs. Bonner, thereby causing her to be 'deprived of a fundamental constitutional right.' " Although the plaintiff raises

this claim for the first time on appeal, it is her contention that the facts give rise to an "exceptional circumstance" warranting review despite the fact that no claims below were made. "Only two situations may constitute 'exceptional circumstances.' 'The first is . . . where a new constitutional right not readily foreseeable has arisen between the time of trial and appeal. . . . The second . . . may arise where the record adequately supports a claim that a litigant has clearly been deprived of a fundamental constitutional right and a fair trial.'" *Connecticut Light & Power Co.* v. *Kluczinsky,* 171 Conn. 516, 523, 370 A.2d 1306. If the plaintiff's claim is to be considered, it must come within the second category of "exceptional circumstances." *State* v. *Simms,* 170 Conn. 206, 208, 365 A.2d 821. The plaintiff's brief reveals that the defendant Bonner's conduct and attitude at the trial were sometimes beyond the bounds of decorum; however, nowhere in the plaintiff's brief is it shown how such conduct was prejudicial to her case against Winter other than in making the claim.

There is error, the judgment is set aside and a new trial is ordered restricted to the issue of liability.

In this opinion the other judges concurred.