KEVIN MYERS ET AL. *v.* NATALIE A. MENGHI ET AL.
(2594)

HULL, BORDEN and DALY, Js.

Argued January 11—decision released March 19, 1985

*Thomas B. Wilson,* for the appellants (plaintiffs).

*Allan R. Johnson,* for the appellees (defendants).

PER CURIAM. The plaintiffs appeal from the judgment on a jury verdict for the defendants.[1] They claim the single error of the court's refusal to admit into evidence a written statement of the defendant Natalie Menghi.

The plaintiffs had alleged, in part, that the car which Menghi was driving was rolling at the time the minor plaintiff's bicycle collided with it. They also had alleged that Menghi violated General Statutes § 14-243 (a), which prohibits moving a vehicle from a parked position until such movement can be made in reasonable safety.

During the trial, the plaintiffs offered, as an admission, a written statement that Menghi had given to the investigating police officer. The statement indicated that she was indeed rolling at the time of the accident. The court sustained the defendants' objection to the admission of that evidence.

---

[1] The owner of the car, Mary Epolito, is a defendant as well as Natalie Menghi, the named defendant, who was the operator.

The court erred in failing to admit into evidence, as an admission of a party-opponent, Menghi's statement to the investigating police officer. *Bonner* v. *Winter,* 175 Conn. 41, 44, 392 A.2d 436 (1978); Holden & Daly, Connecticut Evidence (1966 & Sup. 1983) § 101. "This admission had a direct and vital bearing on the decisive issue in the case." *Bonner* v. *Winter,* supra, 44–45. Therefore, the court's erroneous ruling was harmful and the plaintiffs are entitled to a new trial.

There is error, the judgment is set aside and a new trial is ordered.