STATE OF CONNECTICUT *v.* JOAQUIN FERNANDES

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. MV 2-14661

Argued June 29—decided November 18, 1964

*Julius W. Frankel,* of Bridgeport, for the appellant (defendant).

*Wilfred J. Rodie,* assistant prosecuting attorney, for the appellee (state).

KINMONTH, J. The defendant, in an information charging him with the crime of operating a motor vehicle on or about January 16, 1963, at Bridgeport, while his license to operate was under suspension, in violation of § 14-215 of the General Statutes, was found guilty in a trial to the court. The defendant was then presented as a second offender and was found guilty by the court. This appeal is from the final judgment and is concerned with both parts of the information.

The defendant assigns error in the court's finding of facts and conclusions, in the admission of certain evidence, and in the conclusion upon all the evidence that the defendant was guilty as charged beyond a reasonable doubt.

On this appeal, there is no question as to the identity of the defendant. The issue here presented is the admission into evidence of certain documents offered by the state. The state offered into evidence,

without exception, state's exhibit A, a sealed certificate No. 10234 of the state department of motor vehicles, dated March 18, 1963, and subscribed with the written signature of the deputy commissioner of motor vehicles, certifying by his hand and seal that thereto attached is a true copy of "Return Receipt Bearing Certified No. 12937," which is dated March 1, 1961, and is on file in his office. The said return receipt was signed by the defendant. State's exhibit B is a sealed certificate No. 10228 of the state department of motor vehicles, dated March 18, 1963, and subscribed with the written signature of the deputy commissioner of motor vehicles, certifying by his hand and seal that thereto attached is a true copy of "Suspension Notice Dated February 28, 1961," on file in his office. The suspension notice, on which is noted the number 12937, is addressed to the defendant and notifies him that his motor vehicle operator's license No. 141385583 is under suspension for an indefinite period of time, the effective date being February 28, 1961. The defendant objected to the admission of this exhibit on the ground that it was not properly authenticated and was irrelevant. State's exhibit C is a certified copy of the defendant's driving history, which bears a rubber-stamped entry of the department of motor vehicles, dated at Hartford March 18, 1963, stating that the defendant's license and right to operate a motor vehicle in Connecticut remained under suspension at that time. The defendant objected to the admission of this exhibit on the same grounds as in the case of exhibit B. These exhibits were introduced by the state on the first part of the information and comprised the state's case.

The defendant introduced into evidence exhibit No. 1, a reinstatement notice (limited license) by the department of motor vehicles, dated April 30, 1962, and addressed to the defendant, setting out

the reinstatement date as April 30, 1962. This printed form sets out the following: "To whom it may concern: This notice is to inform you that the following person's license and/or registration(s) has been reinstated. Checked box or boxes at right below show condition or eligibility of driving." Under the heading of "Conditions of Reinstatement" is typed the following: "Right to oper. reinst. only. PJC:QMP." Boxes checked at right below are as follows: "Eligible for limited license to be issued through Hartford office."

Section 14-3 of the General Statutes prescribes the powers and duties of the motor vehicles commissioner and provides: "Any certified copy of any document or record of the commissioner, attested as a true copy by the commissioner, deputy commissioner or chief of a division, shall be competent evidence in any court of this state of the facts therein contained." Section 14-3 also provides that the "commissioner shall keep a record of proceedings and orders pertaining to the matters under his jurisdiction and of all licenses and certificates granted, refused, suspended or revoked by him and of all reports sent to his office." " 'As a general rule, when some enactment or rule of law requires or authorizes a public officer to make a certificate or statement in writing as to some matter or fact pertaining to and as a part of his official duty, such writing is competent evidence of the matter or fact stated or certified.' Encyclopaedia of Evidence (Vol. 2) 963; . . . ." *Gett* v. *Isaacson,* 98. Conn. 539, 543. "The necessity for the existence of such an exception [to the hearsay rule] is found 'in the practically unendurable inconvenience of summoning public officers from their posts on the innumerable occasions when their official doings or records are to be proved in litigation;' and the general trustworthiness of such evidence is found in the circumstances

under which the statements are made." *State* v. *Torello,* 103 Conn. 511, 516; 5 Wigmore, Evidence (3d. Ed.) § 1631. We feel that state's exhibit B, insofar as it was a record authorized to be kept by the commissioner under the statute, was, being properly certified, admissible in evidence as to the facts therein stated.

State's exhibit C was introduced primarily to prove that the defendant's license remained under suspension up to the time of the trial. The rubber stamp affixed to exhibit C is not a part of the record authorized to be kept and therefore should not have been admitted in evidence for this purpose. "[R]ecords of investigations and inquiries conducted, either voluntarily or pursuant to requirement of law, by public officers concerning causes and effects involving the exercise of judgment and discretion, expressions of opinion, and making conclusions are not admissible in evidence as public records." *Commonwealth* v. *Slavski,* 245 Mass. 405, 417; 32 C.J.S. 490, Evidence, § 637; 20 Am. Jur. 871, Evidence, § 1033. Furthermore, the introduction of the driving history at this stage of the trial could only prejudice the defendant's case, particularly when it is a lengthy history, as it was in this case. The driving history should be treated as any criminal record, to be observed by the court after a finding of guilty.

State's exhibits A and B are not conclusive of the facts therein stated, but are subject to contradiction. *State* v. *Lenihan,* 151 Conn. 552, 555. They showed that the defendant received notice of suspension of his license effective February 28, 1961, for an indefinite time. Defendant's exhibit No. 1 shows that on April 30, 1962, his right to operate was reinstated upon certain conditions, as therein set forth. The state having made out a prima facie case with exhibits A and B as to suspension of operator's

license, the defendant had the burden of proving his defense by a fair preponderance of the evidence. It is for the trial court to determine the weight to be given defendant's exhibit No. 1 and whether the defendant had sustained his burden of showing that his license had been reinstated prior to the alleged offense. We do not pass upon, nor are we called upon to determine, whether defendant's exhibit No. 1 was a reinstatement of his license or his right to operate a motor vehicle or a reinstatement subject to his complying with certain conditions. As we feel the court may have been unduly swayed by state's exhibit C to the prejudice of the defendant, a new trial is ordered.

Since we find error on the first part of the information, it would seem unnecessary to discuss the conviction on the second part of the information. The defendant has also assigned error in his conviction as a second offender. The second part of the information is not a separate crime but goes to the punishment.

Upon being presented on the second part of the information, the defendant entered a plea of not guilty. The assistant prosecuting attorney then stated that "the state's case will be the certified copy of the driving history of the accused." The defendant objected, but the court said, "We have all the evidence, the accused is found guilty as a second offender." We feel that the court proceeded with undue haste, for on the "finding of guilty on the first part of the information, plea shall be taken and, if necessary, election made on the second part and trial thereon proceeded with." Practice Book § 487; *Armstrong* v. *Potter,* 20 Conn. Sup. 101, 104. "Proof of a conviction can only be established by a proper record of the judgment of the court in which the conviction occurred. . . . The history

from the motor vehicles commissioner was incompetent to prove conviction and should not have been admitted for that purpose." *State* v. *Couture,* 151 Conn. 213, 220.

The other assignments of error do not require discussion.

There is error, the judgment is set aside and a new trial is ordered on both parts of the information.

In this opinion KOSICKI and DEARINGTON, Js., concurred.