STATE OF CONNECTICUT *v.* ANDREW MELECHINSKY

APPELLATE SESSION OF THE SUPERIOR COURT

FILE No. 1159

Argued February 22—decided May 7, 1982

*James A. Trowbridge,* for the appellant (defendant).

*C. Robert Satti, Jr.,* deputy assistant state's attorney, for the appellee (state).

SPADA, J. The defendant was charged with the crime of operating a motor vehicle while his license to operate was under suspension in violation of General Statutes § 14-215[1] and was found guilty on May 27, 1981, after a trial to the jury. His appeal claims error in the admission of certain evidence.

The jury could reasonably have found the following facts: The defendant was operating a motor vehicle on Route 25 in the town of Monroe on February 17, 1980, when he was stopped for driving with defective tail lights. Although the defendant produced a valid Oklahoma driver's license, the officer's radio check revealed that the defendant's Connecticut license had been suspended since June 21, 1977, because he had failed to appear in a Massachusetts court to answer a motor vehicle violation. The suspension was predicated upon an agreement between Connecticut and Massachusetts that authorized the reciprocal suspension of licenses of drivers who failed to appear

---

[1] General Statutes § 14-215 provides, in relevant part: "No person . . . whose operator's license or right to operate a motor vehicle in this state has been suspended or revoked, shall operate any motor vehicle during the period of such . . . suspension or revocation."

to answer traffic charges in either state. This reciprocal suspension agreement was legislatively authorized under General Statutes § 14-140[2].

The defendant assigns as error the trial court's admission of the reciprocal agreement into evidence without requiring the state to offer additional evidence that the agreement was in effect on June 21, 1977. This agreement was offered through a representative of the motor vehicle commissioner, who conceded on cross-examination that he was unaware of whether the agreement was in effect on June 21, 1977. Because of this alleged deficiency, the defendant charges that the agreement should not have been admitted as an exhibit. We do not agree.

I

The abrupt answer to the defendant's challenge is that the reciprocal suspension agreement is a document of record of the motor vehicles commissioner and, upon being certified and attested as a true copy, becomes admissible as competent evidence under General Statutes § 14-3[3]. *State* v. *Torello,* 103 Conn. 511, 516, 131 A. 429 (1925); *State* v. *Fernandes,* 3 Conn. Cir. Ct. 109, 112, 209 A.2d 194 (1964). "The necessity for the existence of such an exception [to the hearsay rule] is found 'in the practically unendurable inconvenience of summoning public officers from their posts on the innumerable occasions when their

[2] General Statutes § 14-140 (c) provides: "The commissioner may enter into reciprocal agreements with the proper authorities of other states, which agreements may include provisions for the suspension or revocation of licenses and registrations of residents and nonresidents who fail to appear for trial at the time and place assigned."

[3] General Statutes § 14-3 provides, in relevant part: "Any certified copy of any document or record of the commissioner, attested as a true copy by the commissioner . . . shall be competent evidence in any court of this state of the facts therein contained."

Furthermore, upon our review of the record it appears that the exhibit was also admissible under General Statutes § 52-165, which provides that the records of all public offices may be proved by a duly certified copy, as well as under § 52-180, the business entries exception to the hearsay rule.

official doings or records are to be proved in litigation'; and the general trustworthiness of such evidence is found in the circumstances under which the statements are made." *State* v. *Torello,* supra, 516-17. 5 Wigmore, Evidence (3d Ed.) § 1631. Accordingly, "[w]e feel that state's exhibit . . . insofar as it was a record authorized to be kept by the commissioner under the statute, was, being properly certified, admissible in evidence as to the facts therein stated." *State* v. *Fernandes,* supra, 113.

Furthermore, § 14-3 imposes no prior condition that the employee or representative of the commissioner presenting the document or record in evidence has personal knowledge of its application or currency. "We think the certified copy . . . even in the absence of statute, is admissible as an official written statement, sometimes referred to as public records and documents, under an exception to the hearsay rule. Section 14-3 imposed upon the commissioner the duty of keeping a record . . . . *'Wherever there is a duty to record official doings, the record thus kept is admissible.'* . . . 5 Wigmore, [Evidence (3d Ed.)], p. 545, § 1639." (Emphasis in original.) *State* v. *Caissie,* 1 Conn. Cir. Ct. 598, 601–602, 24 Conn. Sup. 360, 190 A.2d 604 (1963).

## II

The statute under which the defendant was convicted, General Statutes § 14-215, requires proof of three elements: (1) that the defendant operated a motor vehicle; (2) upon a public highway; (3) during a period when his license was suspended by the commissioner of motor vehicles. The reciprocal suspension agreement is not a required element for conviction under § 14-215. At the trial no objection was made to the suspension notice, to the mailing list confirming that the defendant received statutory notice, or to the defendant's driving history, each of which was introduced as an exhibit.

It is not obligatory that the state prove in prosecutions for driving while under suspension that the commissioner's action in suspending a license was valid. Accordingly, since the state made out a prima facie case with its exhibits, the defendant had the burden of proving any defense that the suspension was improper by a fair preponderance of the evidence. *State* v. *Fernandes,* supra, 114. Even if we concede, arguendo, that the reciprocal agreement was inadmissible, its admission was not materially injurious to the defendant because the state had clearly proved a prima facie case without it. *State* v. *L'Heureux,* 166 Conn. 312, 323, 348 A.2d 578 (1974); *State* v. *Grimes,* 154 Conn. 314, 318, 228 A.2d 141 (1966).

## III

The defendant conceded at trial that the reciprocal suspension agreement was executed in 1961. His objection as to "materiality" was premised on an absence of proof that the agreement was in effect on June 21, 1977. Absent evidence that the agreement had been revoked, however, its admision as an exhibit was prima facie evidence of its validity. *State* v. *Torello,* supra, 517; *Whalen* v. *Gleeson,* 81 Conn. 638, 644, 71 A. 908 (1909). Furthermore, "[i]t is well established that when the existence of . . . a state of things is once established by proof, the law presumes that the . . . state of things continues to exist as before, until the contrary is shown, or until a different presumption is raised from the nature of the subject in question. The question as to the presumption of continuance of certain facts or conditions is largely a matter resting within the sound discretion of the trial court, to be decided in the light of the facts and circumstances of the particular case." 20 Am. Jur., Evidence §207. In order to overcome the presumption of continuance, "[t]he burden is on the party who seeks to prove its termination." 1 Wharton, Criminal Evidence (12th Ed. Anderson) § 115. Accordingly, "[s]ince the presumption is a rebuttable one, the

defendant could have offered countervailing evidence if he had such evidence." *State* v. *Halpin,* 2 Conn. Cir. Ct. 409, 411, 199 A.2d 570 (1964). This he failed to do. We conclude, therefore, that the trial court did not err in admitting the reciprocal suspension agreement into evidence.

There is no error.

In this opinion DALY and F. HENNESSY, Js., concurred.