STATE OF CONNECTICUT *v.* JAMES L. CRAWFORD

APPELLATE SESSION OF THE SUPERIOR COURT

FILE NO. 1105

Argued March 15—decided May 27, 1983

*Erskine D. McIntosh,* assistant public defender, for the appellant (defendant).

*Linda N. Knight,* deputy assistant state's attorney, with whom, on the brief, was *Timothy Liston,* assistant state's attorney, for the appellee (state).

CIOFFI, J. This is an appeal from the defendant's conviction of operating a motor vehicle while his license was under suspension in violation of General Statutes § 14-215.[1]

The relevant facts are as follows: On October 15, 1980, a state trooper arrested the defendant for that offense. At the trial, the court admitted into evidence as full exhibits certified copies of a portion of the defendant's driving history which noted that his license was under suspension, a certificate of bulk mailing evidencing that a suspension notice was sent to the defendant, and a copy of the suspension notice itself. As to the first two mentioned exhibits, the signature on the certification was a rubber stamp facsimile of the signature of the commissioner of motor vehicles which was affixed by some unknown party, supposedly an employee of the department of motor vehicles. Those two documents were admitted as full exhibits by the court for two reasons: first, because they complied with the business entries statute; General Statutes § 52-180;[2]

---

[1] The defendant was also charged with a violation of General Statutes § 14-12, operating an unregistered motor vehicle; This charge was nolled, however, by the prosecutor after trial.

[2] "[General Statutes] Sec. 52-180. ADMISSIBILITY OF BUSINESS ENTRIES AND PHOTOGRAPHIC COPIES. (a) Any writing or record, whether in the form of an entry in a book or otherwise, made as a memorandum or record of any act, transaction, occurrence or event, shall be admissible as evidence of the act, transaction, occurrence or event, if the trial judge finds that it was made in the regular course of any business, and that it was the regular course of the business to make the writing or record at the time of the act, transaction, occurrence or event or within a reasonable time thereafter."

and second, because they complied with § 14-3[3] which allows any certified copy of any document attested as a true copy by the commissioner or certain designees to be admitted into evidence as a full exhibit.

The defendant has raised four claims of error, three of which relate to the admission of these documents as full exhibits: first, the documents should not have been admitted as evidence under § 52-180 because the controlling and exclusive statute for the admission of such documents is § 14-3; second, a rubber stamp facsimile of the commissioner's signature is violative of § 14-3; and third, the facsimile signature, absent proof that it was affixed by the commissioner or his authorized designee, impermissibly shifted the burden of production and persuasion to the defendant. The remaining claim of the defendant is that § 14-215 is unconstitutional because it does not provide a pre-suspension or post-suspension hearing.

We hold that the subject exhibits were properly admitted into evidence under § 52-180. Initially, it should be noted that the defendant does not argue that the technical requirements of § 52-180 were not met.[4] Instead, he argues that since § 14-3 deals specifically with motor vehicle documents and records, it is a spe-

---

[3] "[General Statutes] Sec. 14-3. POWERS AND DUTIES OF COMMISSIONER. . . . Said commissioner shall keep a record of proceedings and orders pertaining to the matters under his jurisdiction and of all licenses and certificates granted, refused, suspended or revoked by him and of all reports sent to his office. . . . Any certified copy of any document or record of the commissioner, attested as a true copy by the commissioner, deputy commissioner or chief of a division, shall be competent evidence in any court of this state of the facts therein contained."

[4] Indeed, there is no question that the technical requirements of § 52-180 were in fact satisfied. At trial, Inspector Kaitz, the court liaison officer of the department of motor vehicles, testified that he was familiar with the record keeping process of that department. He further testified that the defendant's driving record was kept in the ordinary course of business, that the department has a duty and in fact keeps such records in its usual course of business, and that the information recorded is so done shortly after the relevant information is received.

cialized rule for the case and thus is the exclusive authority under which such documents may be introduced. We disagree.

General Statutes § 52-180 establishes a general rule as to the admissibility of evidence applicable in criminal as well as civil cases. *State* v. *Hayes,* 127 Conn. 543, 598, 18 A.2d 895 (1941). Documentary evidence may qualify for admission as exhibits under the provisions of more than one statute, provided the requirements of the particular statute are met. *Kelly* v. *Sheehan,* 158 Conn. 281, 284–86, 259 A.2d 605 (1969); *State* v. *Melechinsky,* 38 Conn. Sup. 384, 386 n.3, 448 A.2d 1349 (1982). Consequently, we find that the defendant's argument that § 14-3 is the exclusive manner by which the records of the department of motor vehicles can be introduced into evidence is without merit. This is especially true when two other factors are considered. First, there is no language in § 14-3 that would indicate that the legislature intended that this statute be the exclusive rule by which such records may be introduced into evidence, and second, if anything, the technical requirements of § 52-180 vis-a-vis § 14-3 are more exacting. That is, in order for a document to be admissible as evidence under § 52-180, a witness must testify as to certain preliminary facts. On the other hand, given a proper attestation by the specified official, § 14-3 permits certified copies of motor vehicle documents and records to be introduced into evidence absent supporting testimony. Accordingly, we hold that the documents were properly admitted under the business entries rule of § 52-180.

Since our ruling as it pertains to § 52-180 is dispositive of this evidentiary issue, we need not decide whether a rubber stamp facsimile of the commission-

er's signature complies with the attestation requirement of § 14-3.[5]

The final claim of error raised by the defendant is that § 14-215 is unconstitutional because it contains no provision for either a pre-suspension or post-suspension hearing. This issue was not raised at trial and we decline to address it for the following reasons. Under exceptional circumstances constitutional issues not raised at trial can be considered by an appellate court. *State* v. *Evans,* 165 Conn. 61, 69, 327 A.2d 576 (1973). But a constitutional issue, initially raised at the appellate court, must be of such a nature that it affects the fairness of the trial. Id., 70. Such is not the case here. "It is not obligatory that the state prove in prosecutions for driving while under suspension that the commissioner's action in suspending a license was valid." *State* v. *Melechinsky,* 38 Conn. Sup. 384, 388, 448 A.2d 1349 (1982). Therefore, since the validity of a license suspension is not in issue at a trial involving a charge of driving while one's license is under suspension, it cannot be said to affect the fairness of the trial. The time to contest the validity of the suspension of one's license on constitutional or other grounds is when the suspension occurs. One is not free to take the law into his own hands and continue to drive. He is obliged to contest the validity of the suspension through available legal procedures. Indeed, this was the procedure utilized in all cases cited to the court by the defendant in support of this proposition. See *Barry* v. *Barchi,* 443 U.S. 55, 99 S. Ct. 2642, 61 L. Ed. 2d 365 (1979); *Dixon* v. *Love,* 431 U.S. 105, 97 S. Ct. 1723, 52 L. Ed. 2d 172 (1977); *Bell* v. *Burson,* 402 U.S. 535, 91 S. Ct. 1586, 29 L. Ed. 2d 90 (1971).

There is no error.

In this opinion DALY and BIELUCH, Js., concurred.

---

[5] In this regard, we note that in *State* v. *Verdirome,* 36 Conn. Sup. 586, 421 A.2d 563 (1980), a divided court held that such a signature did conform to the requirements of § 14-3. Whether we would follow the majority opinion in that case if confronted with the issue once again, we need not decide here.