This is an appeal from the defendant's conviction of operating a motor vehicle while his license was under suspension in violation of General Statutes 14-215.[1]
The relevant facts are as follows: On October 15, 1980, a state trooper arrested the defendant for that offense. At the trial, the court admitted into evidence as full exhibits certified copies of a portion of the defendant's driving history which noted that his license was under suspension, a certificate of bulk mailing evidencing that a suspension notice was sent to the defendant, and a copy of the suspension notice itself. As to the first two mentioned exhibits, the signature on the certification was a rubber stamp facsimile of the signature of the commissioner of motor vehicles which was affixed by some unknown party, supposedly an employee of the department of motor vehicles. Those two documents were admitted as full exhibits by the court for two reasons: first, because they complied with the business entries statute; General Statutes 52-180;[2] *Page 383 
and second, because they complied with 14-3[3]
which allows any certified copy of any document attested as a true copy by the commissioner or certain designees to be admitted into evidence as a full exhibit.
The defendant has raised four claims of error, three of which relate to the admission of these documents as full exhibits: first, the documents should not have been admitted as evidence under52-180 because the controlling and exclusive statute for the admission of such documents is14-3; second, a rubber stamp facsimile of the commissioner's signature is violative of 14-3; and third, the facsimile signature, absent proof that it was affixed by the commissioner or his authorized designee, impermissibly shifted the burden of production and persuasion to the defendant. The remaining claim of the defendant is that 14-215 is unconstitutional because it does not provide a pre-suspension or post-suspension hearing.
We hold that the subject exhibits were properly admitted into evidence under 52-180. Initially, it should be noted that the defendant does not argue that the technical requirements of 52-180
were not met.[4] Instead, he argues that since 14-3 deals specifically with motor vehicle documents and records, it is a specialized *Page 384 
rule for the case and thus is the exclusive authority under which such documents may be introduced. We disagree.
General Statutes 52-180 establishes a general rule as to the admissibility of evidence applicable in criminal as well as civil cases. State v. Hayes, 127 Conn. 543, 598, 18 A.2d 895
(1941). Documentary evidence may qualify for admission as exhibits under the provisions of more than one statute, provided the requirements of the particular statute are met. Kelly v. Sheehan,158 Conn. 281, 284-86, 259 A.2d 605 (1969); State v. Melechinsky, 38 Conn. Sup. 384, 386 n. 3,448 A.2d 1349 (1982). Consequently, we find that the defendant's argument that 14-3 is the exclusive manner by which the records of the department of motor vehicles can be introduced into evidence is without merit. This is especially true when two other factors are considered. First, there is no language in 14-3 that would indicate that the legislature intended that this statute be the exclusive rule by which such records may be introduced into evidence, and second, if anything, the technical requirements of 52-180 vis-a-vis14-3 are more exacting. That is, in order for a document to be admissible as evidence under52-180, a witness must testify as to certain preliminary facts. On the other hand, given a proper attestation by the specified official, 14-3
permits certified copies of motor vehicle documents and records to be introduced into evidence absent supporting testimony. Accordingly, we hold that the documents were properly admitted under the business entries rule of 52-180.
Since our ruling as it pertains to 52-180 is dispositive of this evidentiary issue, we need not decide whether a rubber stamp facsimile of the *Page 385 
commissioner's signature complies with the attestation requirement of 14-3.[5]
The final claim of error raised by the defendant is that 14-215 is unconstitutional because it contains no provision for either a pre-suspension or post-suspension hearing. This issue was not raised at trial and we decline to address it for the following reasons. Under exceptional circumstances constitutional issues not raised at trial can be considered by an appellate court. State v. Evans, 165 Conn. 61, 69, 327 A.2d 576
(1973). But a constitutional issue, initially raised at the appellate court, must be of such a nature that it affects the fairness of the trial. Id., 70. Such is not the case here. "It is not obligatory that the state prove in prosecutions for driving while under suspension that the commissioner's action in suspending a license was valid." State v. Melechinsky, 38 Conn. Sup. 384,388, 448 A.2d 1349 (1982). Therefore, since the validity of a license suspension is not in issue at a trial involving a charge of driving while one's license is under suspension, it cannot be said to affect the fairness of the trial. The time to contest the validity of the suspension of one's license on constitutional or other grounds is when the suspension occurs. One is not free to take the law into his own hands and continue to drive. He is obliged to contest the validity of the suspension through available legal procedures. Indeed, this was the procedure utilized in all cases cited to the court by the defendant in support of this proposition. See Barry v. Barchi,443 U.S. 55, 99 S.Ct. 2642, 61 L.Ed.2d 365 (1979); Dixon v. Love, 431 U.S. 105, 97 S.Ct. 1723,52 L.Ed.2d 172 (1977); Bell v. Burson, 402 U.S. 535,91 S.Ct. 1586, 29 L.Ed.2d 90 (1971).
 There is no error.
In this opinion DALY and BIELUCH, Js., concurred.